Jones, J.
The crux of this case lies in the attempt to subject the ten shares of the capital stock of the United States Wall Paper Company, by execution, to a personal judgment alleged to have been *215 obtained against Lewis Voight, Jr., iñ the proceeding to sell the real estate of the decedent to pay-debts. These ten shares of capital stock were not acquired by the devisee under the terms of the will, but were acquired from his son Lewis Voight, III, on December 29, 1919, a period long postdating the judgments of the probate court in its proceedings of 1915.
The sole jurisdiction of the probate court was to ascertain, for the purpose of distribution, the amount of money paid, loaned or advanced by Lewis Voight, Sr., to Lewis Voight, Jr., after September 1, 1907, and to charge the interest derived from the estate by Lewis Voight, Jr., with said sum. The extent of its jurisdiction in case 8240, wherein the execution was issued, was to determine the equities pf the~-parties, determine priorities, and order distribution. (Section 10783, General Code; First National Bank of Cadiz v. Beebe, 62 Ohio St., 41.) However, from an inspection of the two entries made by the probate court nothing further was attempted, and in neither case was there a personal judgment rendered against Lewis Voight, Jr., in favor of the estate. In both cases a finding of the amount due the estate was made to recompense the estate for the amount loaned. In The real estate sale case, recoupment was sought from the proceeds of sale; and in the administration case, from the stock bequeathed.
It is perfectly clear that the judgment of the probate court cannot be used as a predicate for the issuance of an execution against the ten shares of stock newly acquired by Lewis Voight, Jr., by *216 transfer from his son. However, the relator is not entitled to the extraordinary writ of prohibition, since an ample remedy is vouchsafed him by the regular process of law. In our view this case simply presents the question of the threatened execution of process upon an alleged personal judgment, which neither exists nor is warranted by statute. While injunction may not be available to restrain the enforcement of an unsatisfied valid judgment of a court, having jurisdiction over the person and subject-matter of suit, relief may be had when the process to be executed is not warranted by the judgment rendered. But in such cases it has been held that the most appropriate remedy is by an application to the court from which the execution issues to set it aside (Miller et al. v. Longacre et al., 26 Ohio St., 291) or by proceedings in injunction, where equity requires its intervention.'
The issuance and placing of the execution in the hands of the sheriff for service was an act of William H. Lueders, not as judge, but as ex officio clerk of the probate court. It was not an act embracing any judicial function, neither did it affect juridically the jurisdiction of the court. The judge issuing this execution was exercising neither judicial nor quasi-judicial power. (State, ex rel., v. ClenDening et al., 93 Ohio St., 264.) His act was purely clerical and ministerial. The governing principle is stated in 22 Ruling Case Law, page 15: “Except in those cases where some valid constitutional or statutory enactment declares directly to the contrary, it must appear that the act in question is not ministerial in character. If it is *217 ministerial, the writ cannot be sustained, though the person or tribunal against which it is sought is a judge or court authorized in proper cases to discharge judicial functions.”
It follows, therefore, since other ample and adequate remedy is supplied the relator, and because the act sought to be prohibited is purely ministerial, that the relator, for either reason should be denied the writ of prohibition.

Writ denied.

■ Matthias, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.